Alissa J. Sammarco - 0077563
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## SOUTHERN OHIO DISTRICT
## WESTERN DIVISION, CINCINNATI OFFICE

| | | |
|---|---|---|
| **DEVON COLEMAN** | : | Case #: |
| | : | |
| | : | Judge: |
| Plaintiff | : | |
| | : | |
| vs. | : | **COMPLAINT** |
| | : | **WITH JURY DEMAND** |
| **O.K.I. FURNITURE FAIR, INC., DBA** | : | **ENDORSED HEREIN** |
| **FURNITURE FAIR,** | : | |
| | : | |
| **And** | : | |
| | : | |
| **JOHN DOES 1 through and including 10** | : | |
| **Names and addresses unknown** | : | |
| | : | |
| | : | |
| | : | |
| Defendants | : | |

Now comes the Plaintiff and states as follows:

## PRELIMINARY STATEMENT

1.      This is a civil rights action alleging discrimination and retaliation in employment. Plaintiff alleges violations of the Americans with Disabilities Act, as amended (ADA), and Title 41 of the Ohio Revised Code.

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and the American's With Disabilities Act (Federal Question) and 28 U.S.C. §1343 (Civil Rights) and pursuant to its pendent and ancillary jurisdiction over related state causes of action. Venue lies in the Southern District of Ohio, the judicial district in which the claim arose pursuant to 28 U.S.C.

§ 1391. The Plaintiffs further invoke the pendent jurisdiction of this Court to hear and consider claims also arising under the state laws of Ohio. The matter in controversy exceeds, exclusive of interest, the sum of SEVENTY-FIVE THOUSAND U.S. DOLLARS ($75,000.00).

3.      This Court has jurisdiction over Defendants because Defendants transact business and are located in this division and district.

4.      Venue is proper in the Southern District Court of Ohio, Western Division pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to these claims occurred in this Division and District.

5.      Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendant OKI Furniture Fair Inc. dba Furniture Fair alleging discrimination based on disability and retaliation:  Charge No 473-2021-00288.

6.      On or about June 24, 2021, the EEOC issued a Notice of Right To Sue which was received on June 28, 2021.

**PARTIES**

7.      The Plaintiff is an African-American male who is has a disability that effects one or more major life activities.  He was an employee of Defendants OKI Furniture Fair, Inc, dba Furniture Fair and John Does 1 through and including 10, under the meaning of the ADA as amended, and Title 41 of the Ohio Revised Code.

8.      Defendant OKI Furniture Fair Inc., DBA Furniture Fair (hereinafter referred to as Defendant "Furniture Fair"), is a corporation licensed to do business and doing business in Ohio at multiple locations within the venue of this court, including 8760 Colerain Avenue, Cincinnati, OH 45251, 9591 Fields Ertel Road, Loveland, OH 45140, and 2700 Dixie Highway, Fairfield, OH 45014.   At all times relevant hereto, Defendant Furniture Fair was an employer as defined by the ADA and Ohio Revised Code, Title 41.

2

9.     Defendants John Does 1 through 10 are individuals or entities whose names and addresses could not be determined by Plaintiff prior to filing this lawsuit through exercise of due diligence.

10.     At all times relevant hereto, Defendants John Does 1 through 10 were either employers of Plaintiff, or agents, principals, and/or managers of Defendant Furniture Fair.

11.     At all times relevant hereto, Defendant Furniture Fair had fifteen (15) or more employees.

12.     The actions of the Defendants and their agents and employees were within the course and scope of their employment or agency and were undertaken because of discrimination based on disability, protected activity, race discrimination and retaliation, unless otherwise alleged herein.

## STATEMENT OF FACTS

13.     Plaintiff, Devon Coleman, was hired by Defendant Furniture Fair in September 2017 as a "Prepper."  He worked the night shift.  The warehouse where he worked was cold in the winter and hot in the summer, having minimal or no temperature control.

14.     Mr. Coleman is a qualified individual with a disability.  Defendant was on notice of Plaintiff's disability because he told Mike Daniels and Steve Daniels, owners of Furniture Fair, of his disability, and requested reasonable accommodation at the time he was hired.

15.     Mr. Coleman requested reasonable accommodation included being able to go to his car in order to get warm and stay warm, and to rest or sleep during his breaks. His was to accommodate serious medical conditions which made him fall asleep without control, and that were exacerbated by being in extreme temperatures for prolonged periods of time.

16.     The Defendant, through Mike Daniels, approved the requested accommodations.

17.     In or about the winter of 2019, Plaintiff Mr. Coleman suffered a seizure during a shift meeting, making it appear as if he were sleeping. Steve Daniels threatened to discipline Mr. Coleman because he fell asleep during the meeting.

18.     He singled Mr. Coleman out during the meeting and yelled at him. Mr. Coleman advised Mr. Daniels that he had epilepsy and narcolepsy and that was the reason that he fell asleep. Mr. Daniels' response was "I don't care" and "if you can't stay awake for the meeting, find another job."

19.     After learning that Plaintiff's apparent conduct was the result of his disability, Mr. Daniels acknowledged that Mr. Coleman told Mr. Coleman that he could not fall asleep during meetings anymore.

20.     However, on or about February 21, 2020, Defendant Furniture Fair fired Plaintiff Devon Coleman for "sleeping in his car." They also indicated that he had not "clocked out." However, other similarly situated employees failed to clock out when they lounged, slept, played on their phones, and other activities which were not work-related. Plaintiff was treated worse than those non-disabled employees whose time was simply corrected and/or the error ignored.

21.     Defendant's job description for "Prepper" specifically states that sitting in the employee's personal car is an accepted practice for Furniture Fair employees, with the requirement that each employee prep at least two trucks per night.

22.     At all times relevant hereto, similarly situated employees without a disability were permitted to sleep in their cars, sleep in the warehouse, spend time on their phones or computers during their shifts. Those other individuals were not disciplined or terminated.

23.     The basis of the termination was pretextual for discriminatory basis of the decision.

24.     Comparative employees who were non-disabled, non African-American and had not participated in protected activity (requesting reasonable accommodation) were not disciplined for improper clock rings and were not terminated.

25.     As a direct and proximate result of Defendants' actions, and continued actions, Plaintiff has suffered and will continue to suffer physical distress, emotional distress, lost wages, loss of enjoyment of life, lost future earnings, compensatory damages, both economic and non-economic damages.

## FIRST CAUSE OF ACTION – O.R.C. CHAPTER 4112

26.     Plaintiff re-alleges as if fully restated herein all allegations contained in all prior paragraphs.

27.     Defendants and each of them, have discriminated and retaliated against Plaintiff on the basis of race in violation of Ohio R.C. Chapter 4112.

28.     Defendants' actions were willful, wanton and in reckless disregard for Plaintiff's rights.

29.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages and is entitled to recovery under Ohio R.C. Chapter 4112.

30.     By acting in the manner described herein on Plaintiff, in a careless and negligent manner, Defendants knowingly created a "great probability of causing substantial harm" to others, especially Plaintiff.

31.     Defendants' actions constituted willful and wanton recklessness, and a conscious disregard for the safety and well-being of others, especially the Plaintiff, thereby entitling Plaintiff to punitive damages.

**SECOND CAUSE OF ACTION: ADA & O.R.C. TITLE 41**

32.     Plaintiff re-alleges as if fully restated herein all allegations contained in all prior paragraphs.

33.     Defendants and each of them have violated Plaintiff's right to be free of disability discrimination under the Americans with Disabilities Act, as amended, and under Title 41 of the Ohio Revised Code.

34.     Defendants and each of them further violated Plaintiff's right to reasonable accommodation under the Americans With Disabilities Act and under Title $1 of the Ohio Revised Code.

35.     By acting in the manner described herein on Plaintiff, in a careless and negligent manner, Defendants knowingly created a "great probability of causing substantial harm" to others, especially Plaintiff.

36.     Defendants' actions constituted willful and wanton recklessness, and a conscious disregard for the safety and well-being of others, especially the Plaintiff, thereby entitling Plaintiff to punitive damages.

**THIRD CAUSE OF ACTION: WRONGFUL TERMINATION IN RETALIATION FOR PROTECTED ACTIVITIES**

37.     Plaintiff re-alleges as if fully restated herein all allegations contained in all prior paragraphs.

38.     Plaintiff engaged in protected activity when he requested reasonable accommodation under the ADA and Ohio law.

39.     Defendants had notice of Plaintiff's disabilities.

40.     Defendants took adverse employment actions including termination, based on Plaintiff's disability.

6

41. Plaintiff was treated worse than other situated employees without disabilities, up to including termination.

42. Defendants violated ADA in terminating Plaintiff.

**FOURTH CAUSE OF ACTION: CONTRACT VIOLATION**

43. Plaintiff re-alleges as if fully restated herein all allegations contained in all prior paragraphs.

44. Defendants, and each of them, breached the express and/or implied employment contract by failing to maintain a work place free of disability harassment, discrimination and retaliation.

45. Defendants, and each of them, entered into an express and/or implied employment contract with plaintiff agreeing to pay his work duties and ability to rest or take breaks between prepping trucks.

46. Defendants further agreed by law and policy, to provide a safe work environment free from harassment, discrimination and retaliation.

47. Defendants and each of them breached the express and/or implied contract m violation of public policy as alleged herein.

48. As a direct and proximate result of Defendants' breach of contract, Plaintiff has suffered and will continue to incur lost wages, lost benefits, and lost educational reimbursement as well as other benefits provided under the contract.

**FIFTH CAUSE OF ACTION: RESPONDEAT SUPERIOR**

49. Plaintiff re-alleges as if fully restated herein all allegations contained in all prior paragraphs.

50.     At all times relevant hereto, Defendant supervisors and managers, and John Does 1 through and including 10, were agents and/or employee of Defendants.

51.     At all times relevant hereto, Defendants' supervisors and managers, and John Does 1 through and including 10, were acting within the course and scope of their employment with Defendants in furtherance of the interests of said Defendant.

52.     Defendants are liable to the Plaintiff for her damages under the doctrine of *respondeat superior*.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF PUBLIC POLICY**

53.     Plaintiff re-alleges as if fully restated herein all allegations contained in all prior paragraphs.

54.     Pursuant to the ADA, and Title 41 of the Ohio Rev. Code, a clear public policy existed and was manifested that Defendant Furniture Fair would not discriminate in employment on the basis of race or disability.

55.     Defendants did fail to allow Plaintiff to rest in his car, to correct his clock rings in the same manner as other non-disabled employees, and disciplined him for said conduct.

56.     Plaintiff's discipline which lead to his dismissal was motivated by conduct related to the public policy.

57.     The Defendant Furniture Fair, the employer, lacked an overriding legitimate business justification for the dismissal.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff alleges that as a direct and proximate result of the Defendants' actions and inactions, that he has suffered and continues to suffer damages as set forth herein, and requests the following relief:

(1) Injunctive relief ordering his reinstatement by Defendants to his former position and prohibiting further race and disability discrimination;

(2) Backpay, front pay, and other economic damages;

(3) Compensation for Physical Pain and Suffering;

(4) Compensation for Emotional Distress;

(5) Punitive damages;

(6) Ancillary relief in the form of costs of this action including reasonable attorneys' fees; and

(7) Such other relief as the court deems appropriate.

Respectfully Submitted,
**THE SAMMARCO LAW FIRM, LLC**

/S/ Alissa J. Sammarco
Alissa J. Sammarco - 0077563
Attorney for Plaintiff
15 East 8th Street
Cincinnati, Ohio 45202
Telephone: 513-763-7700
Facsimile: 513-763-7704
Email: AJS@SammarcoLegal.com

## JURY DEMAND:

Now comes Plaintiff and demands trial by jury.

/S/ Alissa J. Sammarco
Alissa J. Sammarco – 0077563
Attorney for Plaintiff

9